NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0777n.06

No. 10-2059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 21, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CORRINE MELTON, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| CLARICE STOVALL, | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| Respondent-Appellee. | ) | |

BEFORE:    SILER, McKEAGUE and STRANCH, Circuit Judges.

PER CURIAM.  Petitioner Corrine Melton was tried in 2004 and found guilty by a jury of several offenses under Michigan law:  first degree home invasion, six counts of larceny of a firearm, larceny in a building, and possession of a firearm during the commission of a felony.  The Tuscola County Circuit Court imposed several ten to twenty-five year prison sentences, to run concurrently, and a two-year prison term on the possession of a firearm offense, to run consecutively.  The convictions and sentences were upheld by the Michigan Court of Appeals and Supreme Court. Petitioner's subsequent petition for writ of habeas corpus was denied by the district court in a ten-page opinion issued on July 20, 2010.  One issue has been certified for appeal.  Petitioner contends the prosecution's circumstantial case was comprised of constitutionally insufficient evidence to sustain her convictions.

On appeal, petitioner reiterates her arguments that the prosecution's case against her was devoid of physical evidence tying her to the alleged home invasion and theft of firearms. She maintains that the state's circumstantial evidence was sufficient only to create suspicion that she was the perpetrator and could not support the jury's finding that she was guilty beyond a reasonable doubt.

Petitioner has not raised any argument that is not completely and properly addressed in the district court's opinion. The district court correctly recognized that federal court review of the state courts' rulings is limited by the constraints imposed by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d). The district court also recognized that assessment of the sufficiency of the evidence must be undertaken in the light most favorable to the prosecution, and that the jury's verdict must be upheld unless no reasonable juror could have found the essential elements of the charged offenses established beyond a reasonable doubt. Having duly considered the district court's opinion in light of petitioner's appellate arguments, we find no error. Accordingly, finding that a separate opinion would be duplicative and unnecessary, we hereby **AFFIRM** the district court's order denying the petition for writ of habeas corpus on the reasoning of its opinion.